**In re HALL; Mills, Appellant; Brown, Appellee.**

[Cite as *In re Hall* (1989), 65 Ohio App.3d 88.]

Court of Appeals of Ohio,
Franklin County,

No. 89 AP–377.

Decided Oct. 17, 1989.

*Rebecca J. Hope,* for appellant.

*Ralph A. Kerns,* for appellee.

WHITESIDE, Judge.

Brookie Mills appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, and raises three assignments of error as follows:

"I.   The trial court applied an incorrect legal standard in its determination that imprisoned appellee father should be granted visitation.

"II.   The trial court abused its discretion in granting imprisoned father visitation.

"III. The trial court abused its discretion in requiring appellant to transport the minor child to prison to effect visitation with father."

■ Appellant, Brookie Mills, is the maternal grandmother of the minor child, S. Hall. Without objection from the child's mother, the trial court awarded appellant custody of the minor child, the child's natural father, appellee Mark Preston Brown, being incarcerated in prison. However, the trial court awarded visitation rights to the natural father and ordered that the appellant, as custodian of the child, transport the child to prison once each month to visit with his natural father. In adopting the referee's recommendation for such visitation, the trial court stated in its decision:

"A noncustodial parent's right of visitation with his children is a matter of natural right and should be denied only under extraordinary circumstances, *Pettry v. Pettry* (1984), 20 Ohio App.3d 350 [20 OBR 454, 486 N.E.2d 213]; extraordinary circumstances include a showing that visitation with the noncustodial parent would cause harm to the child. The burden of proof in this regard is on the party contesting visitation privileges, *supra*, at 352 [20 OBR at 456, 486 N.E.2d at 215]. The Referee correctly applied the standard set in *Pettry v. Pettry* and found that harm to the child was not proved by the contesting party."

The trial court distinguished *Bodine v. Bodine* (1988), 38 Ohio App.3d 173, 528 N.E.2d 973, on the basis that that case involved modification of visitation.

Unfortunately, the trial court applied the wrong standard as to what constitutes extraordinary circumstances. The Eighth District Court of Appeals in *Pettry v. Pettry* (1984), 20 Ohio App.3d 350, 20 OBR 454, 486 N.E.2d 213, suggested two extraordinary circumstances: (1) unfitness of the noncustodial parent, and (2) harm to the child caused by visitation. These, however, are not exclusive. To be added to this list of extraordinary circumstances is a natural parent's being incarcerated in prison for a crime of violence. In other words, the natural parent's being imprisoned for a term of years is an extraordinary (not an ordinary) circumstance.

■ Having concluded that imprisonment for a term of years of a natural parent is an extraordinary circumstance, it does not necessarily follow that no visitation can be awarded. Once the extraordinary circumstance is established, visitation necessarily must depend upon the best interest of the child. The burden of demonstrating that it would be beneficial and in the best interest of the child for visitation to continue falls upon the natural parent who is incarcerated for a term of years for committing a crime of violence. The trial court erroneously placed the burden upon the custodial parent.

The referee in his report concluded:

" * * * The state of the law requires that we try to encourage visitation between the child and an incarcerated parent, unless it can be demonstrated to the court that that is not in the best interest of the child. * * * "

This is erroneous. Rather, the correct standard is that visitation between a child and an incarcerated parent should be granted only where it is demonstrated that such visitation is in the best interest of the child. Unfortunately, there appears to be a dearth of authority upon this subject, neither the referee, the trial court, nor the parties citing any authority upon the issue. Nor has this Ohio court located any authority with respect to visitation with a noncustodial parent who is incarcerated for a crime of violence. See, however, *McCurdy v. McCurdy* (1977), 173 Ind.App. 437, 363 N.E.2d 1298.

Nevertheless, we find that (1) incarceration of a noncustodial parent constitutes an extraordinary circumstance, (2) transporting a young child to a prison on a regular, frequent basis to visit with a noncustodial parent gives rise to an inference of harm to such child so that such visitation is not in the child's best interest, and (3) such inference should not be drawn only if the incarcerated noncustodial parent offers evidence demonstrating that, under the circumstances involved, visitation with the noncustodial parent at the place of imprisonment will not be harmful to the child but, instead, will be in the child's best interest. No such proof was offered in this case. For these reasons, all three assignments of error are well taken.

For the foregoing reasons, all three assignments of error are sustained, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

McCORMAC, P.J., and HOOPER, J., concur.

JAMES J. HOOPER, J., of the Court of Common Pleas of Miami County, sitting by assignment.