On January 31, 1976, plaintiff-appellant, Robert L. Lowe, and defendant-appellee, Rebecca A. Workman, were married. Appellant was subsequently convicted of aggravated robbery and incarcerated in 1989.
On November 16, 1990, appellant filed a complaint for divorce in the Fayette County Court of Common Pleas. A final hearing was held on January 9, 1992. The trial court issued a divorce decree on June 13, 1996 in which it awarded custody of the parties' two children to appellee and divided the parties' marital assets and liabilities. The trial court did not grant appellant any visitation while he was incarcerated, but did include the following order in its divorce decree:
 Plaintiff may petition the Court for visitation upon his release from incarceration and after such time as the Court is aware of the address at which the Plaintiff is residing and a home study has been completed. No order of visitation to be issued until such time as the Plaintiff is released from incarceration, informs the Court of his residential address and a home study has been completed. The Court encourages an exchange of photographs and letters between the Plaintiff and the minor children.
Appellant now appeals setting forth the following assignment of error:
 Trial court `abused it's [sic] discretion' by not granting appellant [sic] specific visitation schedule.
R.C. 3109.051 governs visitation in a divorce proceeding and provides, in pertinent part, as follows:
 (A) If a divorce, dissolution, legal separation, or annulment proceeding involves a child and if the court has not issued a shared parenting decree, the court shall consider any mediation report filed pursuant to section 3109.052 of the Revised Code and, in accordance with division (C) of this section, shall make a just and reasonable order or decree permitting each parent who is not the residential parent to visit the child at the time and under the conditions that the court directs, unless the court determines that it would not be in the best interest of the child to permit that parent to visit the child * * *.
A nonresidential parent's right of visitation should be denied only under extraordinary circumstances. Sterbling v. Sterbling (1987), 35 Ohio App.3d 68, 71; Pettry v. Pettry (1984), 20 Ohio App.3d 350,352. The fact that a nonresidential parent is imprisoned for a term of years is an extraordinary circumstance which will ordinarily support the denial of visitation. In re Hall (1989), 65 Ohio App.3d 88, 90. Visitation with an incarcerated nonresidential parent is ordinarily presumed to be not in the best interest of a child unless there is some evidence to the contrary. Calhoun v. Calhoun (June 10, 1996), Fayette App. No. CA95-11-024, unreported.
Our review of the record indicates that appellant is currently incarcerated for aggravated robbery, a serious offense of violence under Ohio law. See R.C. 2901.01(I). Appellant has not demonstrated to the satisfaction of this court that there is any reason whatsoever why visitation with him while he is incarcerated would serve the best interests of the parties' minor children. Therefore, we find no abuse of discretion by the trial court in denying appellant visitation at this time. Appellant's sole assignment of error is therefore without merit and is overruled. The judgment of the trial court is hereby affirmed.
YOUNG, P.J., and KOEHLER, J., concur.