OPINION
Jason J. Lenz appeals the February 8, 2001 judgment of the Seneca County Court of Common Pleas, Juvenile Division, denying his motion for visitation with his minor children at the correctional institution where he is presently incarcerated.
On November 17, 2000, a complaint was filed by the Seneca County Department of Job and Family Services (hereinafter "SCDJFS") in the Seneca County Court of Common Pleas, Juvenile Division, alleging that Lila N. Lenz, Appellant's daughter, was dependent and requesting emergency physical custody and temporary custody of Lila N. Lenz. On that same date, another complaint was filed by SCDJFS that contained identical allegations regarding Jason T. Lenz, Appellant's son, and requested the same relief.
A consolidated hearing as to the dependency of Appellant's children was held on January 24, 2001, wherein Appellant and Susan Bennett, the children's mother, admitted to the allegations of dependency as to Lila and Jason T. Lenz. During the hearing, Appellant's counsel made an oral motion for Appellant to be able to have visitation with his children at the correctional institution where he was, and currently remains, incarcerated. After the juvenile court declared the children dependent, the court afforded Appellant's counsel an opportunity to address the visitation motion.
Appellant's counsel informed the court that Appellant had communicated with the children by telephone, stated Appellant's position that visitation with the children at the institution would be in their best interest, and then referred the court to the Appellant for further explanation. Without testifying, Appellant then informally relayed to the court his desire to visit with the children, explained why he was incarcerated, and related the facts surrounding his criminal convictions.
 The court then inquired of the other parties as to their positions regarding Appellant's motion. All were opposed with the exception of Susan Bennett. The juvenile court then took the matter under advisement and subsequently denied the motion by way of a written order, filed on February 8, 2001. The principal basis of the order was that Appellant had the burden of proof on the issue but had failed to present any evidence at the hearing. This appeal followed, and Appellant now asserts one assignment of error.
 The Appellant was denied effective assistance of counsel where his attorney failed to present any evidence on his behalf at the hearing on the Appellant's motion for visitation.
 Ohio Revised Code section 2151.352 entitles "[a] child, his parents, custodian, or other person in loco parentis of such child . . . to representation by legal counsel at all stages of the proceedings and if, as an indigent person, he is unable to employ counsel to have counsel provided for him[.]" See also Juv.R. 4(A). This court has previously held that "[t]his statutory right to appointment of counsel expands beyond the federal and state constitutional requirements to afford the right to counsel at juvenile proceedings in general." In the Matter of Mull (March 24, 1997), Seneca App. No. 13-96-38, unreported, 1997 WL 155412, *5 (citations omitted); see also State ex rel. Asberry v. Payne (1998), 82 Ohio St.3d 44, 46 (quoting In the Matter of Mull, supra). Furthermore, "the right to counsel implies effective assistance of counsel." In the Matter of Mull, supra (citing In re Richardson (Aug. 19, 1987), Scioto App. No. CA 1674, unreported, 1987 WL 15980; Williams Cty. Dept. of Social Services Gilman (June 4, 1982), Williams App. No. WMS-81-26, unreported, 1982 WL 6438).
The two-part test for determining ineffective assistance of counsel announced in Strickland v. Washington (1984), 466 U.S. 668, 687, and adopted by the Ohio Supreme Court in State v. Smith (1985),17 Ohio St.3d 98, 100, "has been utilized to give effect to R.C. 2151.352
and Juv.R. 4(A)." In the Matter of Mull, supra (citing In reRichardson, supra). The first prong of Strickland requires a showing that the attorney's performance was deficient. Strickland v. Washington,466 U.S. at 688. Once the client is able to show a deficient performance, the second prong requires a demonstration that the client was prejudiced by counsel's deficient performance. Id. at 694.
In the case sub judice, the juvenile court appointed counsel for the appellant. Appellant's counsel represented him at the dependency hearing and on the oral motion for visitation. Upon taking the oral motion under advisement, the juvenile court determined that Appellant, as the incarcerated parent, bore the burden of proving that having the children visit him in prison was in the children's best interest pursuant to In reHall (1989), 65 Ohio App.3d 88. The juvenile court then found that Appellant had failed to meet this burden because no evidence was presented to the court, and thus, the visitation motion was denied.
While this Court affords much deference to counsel, licensed by the State of Ohio, State v. Jones (Sept. 27, 2000), Auglaize App. No. 02-2000-07, unreported, 2000 WL 1420271 (citing State v. Hoffman (1988),129 Ohio App.3d 403, 407), the failure to present any evidence on an issue raised by counsel and upon which counsel's client bears the burden of proof constitutes a deficient performance. Moreover, when such a failure is the basis of an adverse judgment, prejudice is clearly established.
Because the burden was on the appellant to prove that visitation with him at the prison was in the children's best interest, counsel's failure to present any evidence in support of his own motion constituted a deficient performance. Counsel had an obligation to at least have his client testify on this issue, not to merely refer the court to Appellant to explain his position in a non-testimonial fashion. The deficient performance was clearly prejudicial to the appellant because the failure to present any evidence as to why visitation with Appellant was in the children's best interest was the deciding factor in the juvenile court's denial of Appellant's motion for visitation. Thus, Appellant received ineffective assistance of counsel in this respect, and the appellant's single assignment of error is sustained.
For these reasons, these cases must be remanded for an evidentiary hearing to allow Appellant to attempt to satisfy his burden of demonstrating that visitation in the correctional institution with his children is in the children's best interest. See In re Hall, supra. The judgments of the Seneca County Court of Common Pleas are hereby reversed and remanded for further proceedings consistent with the foregoing opinion.
WALTERS, P.J., and BRYANT, J., concur.