DECISION AND JUDGMENT ENTRY
Michael A. Carpenter appeals the judgment of the Washington County Court of Common Pleas, Juvenile Division, which granted legal custody of his son, Canyon Alan Carpenter, to Robert and Kathryn Hess. Carpenter asserts that the trial court erred in denying him any right to visitation or contact with Canyon. Because the record shows that visitation and contact with Carpenter is not in Canyon's best interest due to the fact that Carpenter is serving a life sentence in prison, we disagree. Carpenter next asserts that the trial court erred in failing to grant legal custody of Canyon to Canyon's paternal grandmother, Linda McClain. Because the trial court did not abuse its discretion in ruling that Canyon's best interests are served by his maternal grandparents, Robert and Kathryn Hess, we disagree. Carpenter next asserts that the trial court denied him due process by refusing to allow him to be present at the custody hearing. Because Carpenter was permitted to testify by deposition and was represented by counsel at the hearing, we disagree. Carpenter also asserts that the trial court erred in quashing a subpoena issued to Judge Susan E. Boyer for testimony regarding her interviews of Canyon and Tabitha in the Carpenters' divorce proceedings. Because any error in this regard was harmless, we disagree. Finally, Carpenter asserts that the trial court erred in accepting jurisdiction over this case. Because Carpenter failed to appeal the transfer in the Erie County Court of Common Pleas, and because Canyon was residing with his guardians in Washington County at the time of the hearing, we disagree. Accordingly, we overrule each of Carpenter's assignments of error and we affirm the judgment of the trial court.
 I.
Canyon was born to Lisa and Michael Carpenter on November 8, 1989. For most of his life, from the time he was approximately eight months old until sometime in 1997 or 1998, Canyon lived with the Hesses. Carpenter then gained custody of Canyon, and Canyon moved to Carpenter's home in Sandusky, Erie County, Ohio. During a November 1999 visit with Lisa Carpenter, Canyon and his sister, Tabitha, reported to authorities in Washington County that their father had been sexually abusing them. Canyon was placed in the temporary custody of the Hesses. The Erie County Common Pleas Court later convicted Carpenter of sexually abusing Tabitha, and sentenced him to life in prison.
In February of 2000, the Erie County Common Pleas Court adjudicated Canyon to be a dependent child, based upon admissions by both parents to the allegation of dependency. The court ordered that the Hesses retain temporary custody of Canyon, and transferred the case to the Hesses' county of residence, Washington County. Prior to the annual review hearing on Canyon's custody, both the Hesses and Canyon's paternal grandmother, Linda McClain, filed petitions seeking legal custody of Canyon.
The trial court did not permit Carpenter to attend the custody hearing; however, counsel representing Carpenter did appear at the hearing. Carpenter's counsel introduced Carpenter's deposition testimony, wherein Carpenter expressed his belief that Canyon is better off with McClain. Carpenter also requested that the court grant him visitation rights, so that McClain could bring Canyon to see him at the prison on a regular basis.
Carpenter's counsel called Canyon's counselor, principal, and fifth-grade teacher as witnesses. Canyon's counselor testified that Canyon is happy and well-adjusted living with the Hesses. Canyon's principal and teacher agreed that Canyon's grades dropped when he transferred from Erie County schools to Washington County schools, but stated that he has shown improvement since that time. Both recommended that he remain in the Hesses' custody.
Carpenter's counsel also introduced a videotape of a police interview in which Canyon described the sexual abuse that his father inflicted upon him. Carpenter presented the tape as evidence of Canyon's attitude and demeanor at the time of the accusations. No party objected to the admissibility of the tape.
Robert and Kathryn Hess each testified that Canyon has many friends in Marietta, that they are involved in his education, that they have adequate retirement income to provide for Canyon, and that they believe Canyon's best interests will be served by the court placing him in their custody permanently. Lisa Carpenter testified that she does not seek custody of Canyon and that she also believes placing Canyon in the permanent custody of her parents is in Canyon's best interest.
McClain testified that if she received custody of Canyon, they would live with George McClain, her husband of twelve years. However, George McClain did not attend the hearing. McClain admitted on cross-examination that George had been incarcerated for a theft he committed approximately six years ago. McClain also testified to her belief that Carpenter did not commit the crimes for which he was convicted, and that Canyon "may have been influenced" in telling police that Carpenter had forced him to engage in sexual activity. McClain testified that she would be a better parent to Canyon than the Hesses because she is in better health and she takes more time to see that Canyon is involved in activities outside of school.
Canyon's guardian ad litem recommended that the court place Canyon in the permanent custody of Robert and Kathryn Hess. The guardian also recommended that McClain receive supervised visitation of Canyon at the visitation center.
The trial court found that it is in Canyon's best interest to be placed in the legal custody of the Hesses. The court granted visitation to Lisa Carpenter and McClain, but denied Carpenter any visitation or contact with Canyon. The court ordered that McClain exercise her visitation, three hours on one Saturday per month, in Washington County, Ohio or Wood County, West Virginia. The court prohibited McClain from discussing Carpenter with Canyon and from giving Canyon any cards, letters, photos or gifts from Carpenter.
Carpenter appeals the trial court's decision, asserting the following assignments of error:
 The trial court erred in denying appellant Michael Carpenter any right to visitation or contact, direct or indirect, with his son, Canyon Carpenter.
 The trial court erred in failing to grant legal custody of Canyon Carpenter to his paternal grandmother, Linda McClain.
 The trial court erred in denying appellant the right to be present at the final hearing in this case, at which legal custody of his son was granted to Robert and Kathryn Hess.
 The trial court erred in quashing a subpoena issued to Judge Susan E. Boyer, of the Washington County Common Pleas Court, who had interviewed Canyon and his sister, and heard evidence in an earlier custody case, Wash. County case No. 85DR188.
 The trial court erred in accepting jurisdiction in this case, which was improperly transferred from the Erie County Juvenile Court.
 II.
The determination of parental rights to visitation is within the sound discretion of the trial court. Miller v. Miller (1988), 37 Ohio St.3d 71,73-74; Appleby v. Appleby (1986), 24 Ohio St.3d 39; Powell v. Powell
(1996), 111 Ohio App.3d 418, 422. An abuse of discretion involves more than an error of judgment; it implies an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,137-138; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Trickey v. Trickey (1952), 158 Ohio St. 9,13. Thus, an appellate court must be guided by a presumption that the findings of the trial court are correct, since the trial court is in the best position to view the witnesses and weigh the credibility of the proffered testimony. In re Jane Doe 1, 57 Ohio St.3d at 138. Thus, "[t]he discretion which a trial court enjoys in custody matters should be accorded the utmost respect." Pater v. Pater (1992), 63 Ohio St.3d 393,396.
 A.
In his first assignment of error, Carpenter asserts that the trial court erred in denying him any right to visitation or contact with Canyon. Carpenter argues that because he was not convicted of any crime involving Canyon and the record does not contain any evidence demonstrating that contact with Canyon would not be in Canyon's best interest, the trial court should not have denied him visitation and contact with Canyon. Washington County Children Services ("WCCS") and the Hesses argue that the trial court did not abuse its discretion in denying any contact, direct or indirect, from Carpenter to Canyon.
This court recognizes that "[a] noncustodial parent's right of visitation with his children is a matter of natural right and should be denied only under extraordinary circumstances." Pettry v. Pettry (1984),20 Ohio App.3d 350, 352; In re Ramey (Dec. 22, 1999), Washington App. Nos. 98CA4 and 98CA28, unreported. The imprisonment of a parent for a term of years for a crime of violence constitutes an "extraordinary circumstance." In re Hall (1989), 65 Ohio App.3d 88, 90; In re Erica
(1994), 65 Ohio Misc.2d 17; In re Jergens (June 26, 1998), Montgomery App. No. CA16848, unreported. Transporting a young child to a prison on a regular basis to visit with a parent gives rise to an inference of harm to the child, and, thus, gives rise to the presumption that such visitation is not in the child's best interest. Hall at 91; Erica at 19. Therefore, once it is established that a parent is imprisoned for a crime of violence, the burden of demonstrating that visitation would be in the child's best interest shifts to the incarcerated parent. Hall at 90-91. The court should grant visitation between a child and an incarcerated parent only where the incarcerated parent demonstrates that the visitation is in the best interest of the child. Hall at 91.
In this case, Carpenter did not present any evidence that visitation with him is in Canyon's best interest. To the contrary, the trial court heard evidence that Canyon fears his father and does not wish to have any contact with him. Additionally, the nature of Carpenter's conviction, involving sexual abuse of Tabitha, and the nature of the allegations against Carpenter, that he sexually abused Canyon, supports the inference that contact with Carpenter would not be in Canyon's best interest. Thus, we find that the trial court's determination denying Carpenter visitation and contact with Canyon is not arbitrary, unreasonable, or unconscionable.
Accordingly, we overrule Carpenter's first assignment of error.
 B.
In his second assignment of error, Carpenter asserts that the trial court erred by failing to grant custody of Canyon to McClain. The WCCS and the Hesses assert that the trial court did not abuse its discretion in denying McClain's petition for custody of Canyon.
The evidence presented at the custody hearing revealed that Canyon's counselor, his principal, his teacher, his guardian ad litem, and his mother all support Canyon's placement in the Hesses' permanent custody. The Hesses have adequate time and resources to care for Canyon, and, based on the testimony of Canyon's counselor and teacher, they have demonstrated their ability and desire to do so. Additionally, the evidence showed that Canyon has lived with the Hesses most of his life and wishes to continue living with them.
Given this evidence, and guided by the trial court's observation of the witnesses and determination of their credibility, we find that the trial court did not abuse its discretion by placing Canyon in the Hesses' legal custody.
Accordingly, we overrule Carpenter's second assignment of error.
 III.
In his third assignment of error, Carpenter contends that the trial court erred in denying him the right to be present at the hearing in this case. Carpenter asserts that any hearing involving a person's parental rights of custody and visitation is subject to due process requirements, including the requirement that he be permitted to appear in person.
An incarcerated individual does not have an absolute due process right to attend a hearing at which his visitation or custody rights will be determined. In re Jergens (June 26, 1998), Montgomery App. No. CA16848, unreported; In re Smith (Mar. 1, 1995), Summit App. No. CA16778, unreported; see, also, Mancino v. Lakewood (1987), 36 Ohio App.3d 219,221, citing Wolff v. McDonnell (1974), 418 U.S. 539, 576. Incarcerated parents do have the right to be represented by counsel and present evidence at such hearings. Jergens; Smith.
In this case, Carpenter, through counsel, presented several witnesses to the court. Carpenter had the benefit of providing the court with his own testimony via deposition. Additionally, Carpenter's counsel cross-examined the other witnesses at the hearing on Carpenter's behalf. Consequently, we conclude that Carpenter was afforded due process in this matter.
Therefore, we overrule Carpenter's third assignment of error.
 IV.
In his fourth assignment of error, Carpenter asserts that the trial court erred in quashing the subpoena issued at his request to Judge Susan E. Boyer, which ordered Judge Boyer to appear and bring any notes she made while interviewing Tabitha and Canyon Carpenter in her chambers with regard to Washington County Court of Common Pleas case number 85DR188. Carpenter asserts that the court may only quash a subpoena under the conditions specified in Juv.R. 17(D), and none of those conditions were met in this case.
Judge Boyer, represented by the Washington County Prosecutor, moved to quash the subpoena on the grounds that any conclusions she drew from the interview were included in her decision and entry, since a court speaks only through its entries pursuant to State v. King (1994),70 Ohio St.3d 158, 162. See, also, Worcester v. Donnellon (1990),49 Ohio St.3d 117, 118. Additionally, Judge Boyer asserted that anything the children stated during her interviews of them would constitute inadmissible hearsay. See Evid.R. 801-802. The trial court granted the motion to quash the subpoena on the grounds asserted by Judge Boyer.
Upon review, we find that regardless of whether the trial court erred by quashing the subpoena for reasons other than those set forth in Juv.R. 17(D), any error was harmless. As the WCCS and the Hesses assert in their briefs to this court, none of Judge Boyer's testimony would have been admissible due to the axiom that a court speaks only through its record and the rule against hearsay. Thus, any error was harmless and not reversible. Civ.R. 61; In re Knisely (May 26, 1998), Ross App. No. 97CA2316, unreported.
Accordingly, we overrule Carpenter's fourth assignment of error.
 V.
In his fifth assignment of error, Carpenter asserts that the trial court erred in exercising jurisdiction over this case because the case never should have been transferred from Erie County.
On February 14, 2000, the Erie County Common Pleas Court adjudicated Canyon to be a dependant child, granted temporary custody to the Hesses, and ordered that the case be transferred to Washington County. Because that order adjudicated Canyon's disposition, it was a final appealable order. Smith v. Lucas County Childrens Servs. Bd. (1989),61 Ohio App.3d 788, 790; see, also, In re Murray (1990), 52 Ohio St.3d 155. A notice of appeal must be filed with the clerk of the trial court within thirty days after the trial court enters its judgment. App.R. 3(A) and 4(A). Thus, to preserve his right to appeal the Erie County Common Pleas Court's transfer of Canyon's case to Washington County, Carpenter had to file a notice of appeal with the Erie County Clerk of Courts by March 15, 2000.
Even if Carpenter had timely filed an appeal of the transfer in the proper court, the appeal would not have had merit. Pursuant to R.C. 2151.271
and Juv.R. 11(A), the court may transfer a case if the residence of the child changes. A child has the same residence as his parents, legal guardian, or custodian. R.C. 2151.06. Since Canyon was in the custody of the Hesses, who live in Washington County, the court's transfer of the case to Washington County was proper.
Accordingly, we overrule Carpenter's final assignment of error.
Having overruled each of Carpenter's five assignments of error, we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Abele, P.J. and Harsha, J.: Concur in Judgment and Opinion.