OPINION
Appellant Mark Cassidy appeals the August 16, 2001 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, which overruled appellant's motion to dismiss the complaint, and found appellant's daughter, Kaitlin Cassidy, to be a dependent child. Appellee is the Stark County Department of Job and Family Services (hereinafter appellee or SCDJFS).
 STATEMENT OF THE FACTS AND CASE
On June 5, 2001, appellee filed a complaint in the Stark County Court of Common Pleas, Juvenile Division, alleging Kaitlin Cassidy, born 12/13/90, to be a dependent child as defined by R.C. 2151.04(B) and (C). The complaint was based upon the allegation appellant had admitted to police he had touched minor boys in a sexually inappropriate manner.
The matter proceeded to trial on August 16, 2001. At that time, appellant was incarcerated in London, Ohio, for a conviction stemming from the above-referenced conduct. Attorney Matt Oberholtzer appeared for appellant.
Kaitlin's mother was the first to testify. She stipulated Kaitlin was a dependent child.
The trial court next heard from C.J. Cross, an investigator for the SCDJFS. Ms. Cross testified appellant had been established as Kaitlin's father. During her investigation, Ms. Cross learned appellant was currently incarcerated after having been charged with five counts of gross sexual imposition. Ms. Cross determined appellant would be incarcerated for five years. In light of this fact, Ms. Cross testified she did not believe appellant could provide care or support for his child at this time.
After hearing this testimony, the trial court found Kaitlin to be a dependent child. Thereafter, the trial court took testimony from Christy McCoury, the SCDJFS social worker assigned to Kaitlin's case. Ms McCoury explained Kaitlin was currently placed with her mother. Ms. McCoury testified she believed a no contact order between appellant and Kaitlin was necessary because of the nature of appellant's charges, and because Kaitlin had not yet undergone an evaluation. Apparently, this evaluation would give SCDJFS a better understanding of appellant's relationship with Kaitlin, and any potential abuse Kaitlin may have endured from her father. Ms. McCoury was under the impression that while appellant may not have directly abused Kaitlin, Kaitlin may have been involved in the perpetration of appellant's crimes. However, without an evaluation, appellee was unable to determine Kaitlin's exposure to appellant's unlawful activities. On cross-examination, Ms. McCoury conceded she had no information appellant had engaged in any improper behavior with Kaitlin.
After hearing this evidence, the trial court placed Kaitlin under the protective supervision of appellee and ordered Kaitlin have no contact with appellant. The trial court filed its entry on August 16, 2001.
It is from this judgment entry appellant prosecutes this appeal, assigning the following errors for our review:[1]
 I. THE FACTS ALLEGED IN THE COMPLAINT AND PROVEN AT TRIAL ARE INSUFFICIENT AS A MATTER OF LAW TO ESTABLISH A FINDING OF DEPENDENCY PURSUANT TO R.C. 2151.04.
 II. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO HAVE NO CONTACT WITH HIS DAUGHTER.
 I
In appellant's first assignment of error, he maintains the facts alleged in the complaint and proven at trial are insufficient as a matter of law to establish a finding of dependency pursuant to R.C. 2151.04. We disagree.
R.C. 2151.04 defines "dependent child" and states, in relevant part:
* * * "dependent child" means any child:
* * *
 (B) Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian;
* * *
The standard of review for a determination children are dependent is whether sufficient, credible evidence exists to support trial court's adjudication. In re Pieper Children (1993) 85 Ohio App.3d 318,619 N.E.2d 1059.
As noted above, Kaitlin's mother stipulated to dependency. At the time of the hearing, appellant was incarcerated and was not scheduled to be released for five years. Accordingly, we find sufficient, credible evidence existed to support the trial court's adjudication of Kaitlin as a dependent child.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, he maintains the trial court abused its discretion in ordering appellant to have no contact with his daughter. We disagree.
The decision whether to grant visitation is within the sound discretion of the trial court and the trial court's discretion must be exercised in a manner to best protect the interest of the child. In re: Whaley
(1993), 86 Ohio App.3d 304, 317, citing Booth v. Booth (1989),44 Ohio St.3d 142. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
Appellant maintains appellee presented no evidence at trial to indicate the need for a no contact order between appellant and Kaitlin. Rather, appellant argues the trial court found it necessary to grant the no contact order due to appellant's criminal conviction and an assumption appellant presented a risk to Kaitlin.
Appellee points out the no contact order was necessary to protect Kaitlin, at least until an evaluation of Kaitlin could be completed because appellant had been charged with gross sexual imposition of minor children. In its brief, appellee also points to In re: Hall (1989),65 Ohio App.3d 88, to support the proposition that a young child's visitation with an incarcerated parent gives rise to an inference of harm to such child so that visitation is not in the child's best interest.
In its judgment entry, the trial court did not state its reason for the no contact order. However, we find the record contains information upon which the trial court could have found a no contact order was in Kaitlin's best interest. Accordingly, we find no abuse of discretion in the trial court's decision.
Appellant's second assignment of error is overruled.
The August 16, 2001 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: HOFFMAN, P.J., GWIN, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, The August 16, 2001 Judgment Entry of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
[1] Attorney Oberholtzer filed a timely notice of appeal on September 7, 2001. On November 6, 2001, Attorney Oberholtzer moved for an extension of time for which to file his brief. We granted this extension. Thereafter, we granted an extension of time for appellee to file its brief. On January 28, 2002, Attorney Oberholtzer filed a motion to withdraw as counsel, informing this Court that the attorney/client relationship existing between him and appellant had deteriorated to such an extent that withdrawal was necessary. Further, he requested a continuance of the oral argument in this matter. In a January 30, 2002 Judgment Entry, we denied Attorney Oberholtzer's motion to withdraw because App.R. 11.2 required this case be expedited.
On January 31, 2002, appellee filed a motion for an enlargement of time in which to file its brief. Appellee represented to this Court that the parties were in negotiation and that an additional time was necessary to complete the agreement. Further, appellee represented if the negotiation was successful, appellant would dismiss the appeal. In a January 31, 2002 Judgment Entry, we again denied appellant's motion for continuation of oral argument. On February 8, 2002, Attorney Oberholtzer requested appellant be transported to the oral argument. Further, Attorney Oberholtzer filed another motion for a continuance based upon a second motion to withdraw. This Court heard oral argument on the motion to withdraw on February 19, 2002. In a February 21, 2002 Judgment Entry, we granted appellant's motion to continue the oral argument and permitted Attorney Oberholtzer to withdraw. In the same judgment entry, we granted appellant until March 11, 2002 to retain new counsel. We stated if and when new counsel should file a notice of appearance, appellant would be permitted to file a supplemental brief within twenty days after the filing of the notice of appearance. Finally, we noted in the event appellant did not retain new counsel by March 11, 2002, we would not permit additional briefs and the matter would be rescheduled for oral argument. The record indicates appellant did not retain new counsel by March 11, 2002. Accordingly, on March 27, 2002, this matter was again scheduled for oral argument.