OPINION
{¶ 1} Defendant-appellant Steven V. Edwards appeals two June 1, 2004 judgment entries of the Licking County Court of Common Pleas, Domestic Relations Division, in favor of plaintiff-appellee Tamica L. Spraggins, denying his motion for visitation with his child and his separate motion for appointment of counsel.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 30, 2004, the trial court, via Judgment Entry, accepted and adopted an administrative order finding appellant to be the natural father of appellee's child. The court further held,
 {¶ 3} "There are no formal parenting times order and all parenting times shall be at the sole discretion of the residential parent."
 {¶ 4} Throughout the proceedings before the trial court, appellee was the residential parent of the child and appellant was incarcerated.
 {¶ 5} On June 1, 2004, appellant filed a motion for visitation with the child, and a separate motion for appointment of counsel. Appellant also filed an affidavit of indigency with the trial court.
 {¶ 6} On June 1, 2004, via two separate judgment entries, the trial court addressed appellant's motions. The trial court denied appellant's motion for appointment of counsel, stating said motion was civil in nature and the court is not obligated to appoint counsel.
 {¶ 7} As to the visitation issue, the trial court, via separate entry, held:
 {¶ 8} "The defendant asserts the judgment entry contained nothing about visitation at all. This is erroneous. The judgment entry of April 30, 2004, specifically stated that all parenting times shall be at the sole discretion of the residential parent.
 {¶ 9} "This Court has consistently held that taking a child to a prison facility is not in the child's best interests. Appellate courts confirm this decision. See e.g. Calhoun v. Calhoun (1996), Fayette Co. 12th District Case No. 95-11-24 (unreported).
 {¶ 10} "More particularly in this case, the residential parent has asserted the defendant has made threats to harm her and her child.
 {¶ 11} "Therefore, the Court denies the defendant's petition for visitation and he may file a motion for parenting times after his release from prison."
 {¶ 12} Appellant now appeals the trial court's two separate June 1, 2004 judgment entries, assigning as error:
 {¶ 13} "I. Defendant is entitled to visitation with his child pursuant to (tobenz v. brill) (1993) (auglaize) 624 N.E. 2D 265. noncustodial parent's right to visitation with his child is a natural right should be denied under extraordinary circumstances, such as unfitness of noncustodial parent, or showing that visitation with noncustodial parent would cause harm to the children. Pettry v. Pettry No. 47896486 N.E. 2d 213, 20 Ohio App. 3d 350.
 {¶ 14} "II. Defendant was denied appointment of counsel, when the law states that, the defendant is obligated to provide legal assistance in parental matters affecting ther [sic] children so as to be able to be represented in court. it also concluded that maintenance of parenthood is a fundamental right which is entitled to protection under the constitution. gover v. johnson 850 federal supplement 592. both of these case laws are under the same case law."
 I {¶ 15} In his first assignment of error, appellant maintains the trial court erred in denying him visitation rights with his child. Appellant further asserts, despite his present incarceration, it is in the child's best interest to have visitation with her natural father.
 {¶ 16} A trial court's decision concerning visitation rights will not be reversed on appeal except upon a finding of an abuse of discretion.Booth v. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. An abuse of discretion implies an attitude that is unreasonable, arbitrary or unconscionable. Id. However, a trial court's discretion in visitation matters is not unfettered. "In modifying visitation rights, a court must determine whether a change in the visitation order is in the child's best interest, and it must consider the factors set forth in R.C. 3109.051(D) in making this determination." In re Ross, 154 Ohio App.3d 1,2003-Ohio-4419. In order to further the child's best interest, the trial court has the discretion to limit or restrict visitation rights. Jannettiv. Nichol (May 12, 2000), 7th Dist. No. 97-CA-239. "This includes the power to restrict the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child." Id.
 {¶ 17} This court recognizes "[a] noncustodial parent's right of visitation with his children is a matter of natural right and should be denied only under extraordinary circumstances." Pettry v. Pettry (1984),20 Ohio App.3d 350, 352, 486 N.E.2d 213; In re Ramey (Dec. 22, 1999), Washington App. Nos. 98CA4 and 98CA28, unreported. The imprisonment of a parent for a term of years for a crime of violence constitutes an "extraordinary circumstance." In re Hall (1989),65 Ohio App.3d 88, 90, 582 N.E.2d 1055; In re Erica (1994),65 Ohio Misc.2d 17, 640 N.E.2d 623; In re Jergens (June 26, 1998), Montgomery App. No. CA16848, unreported. Transporting a young child to a prison on a regular basis to visit with a parent gives rise to an inference of harm to the child, and, thus, gives rise to the presumption such visitation is not in the child's best interest. Hall at 91,582 N.E.2d 1055; Erica at 19, 640 N.E.2d 623. Therefore, once it is established a parent is imprisoned for a crime of violence, the burden of demonstrating visitation would be in the child's best interest shifts to the incarcerated parent. Hall at 90-91, 582 N.E.2d 1055. The court should grant visitation between a child and an incarcerated parent only where the incarcerated parent demonstrates the visitation is in the best interest of the child. Hall at 91, 582 N.E.2d 1055.
 {¶ 18} In this case, appellant failed to present any evidence demonstrating visitation is in the child's best interest. To the contrary, the trial court noted appellee's assertion appellant made threats of harm to her and the child, and the court properly considered these threats in light of appellant's incarceration. Thus, we find the trial court's denying appellant visitation is not arbitrary, unreasonable, or unconscionable.
 {¶ 19} The first assignment of error is overruled.
 II {¶ 20} In the second assignment of error, appellant argues the trial court erred in denying him appointed counsel.
 {¶ 21} Appellant initiated this action in the Licking County Court of Common Pleas, Domestic Relations Division. As such, the action is civil in nature, and the trial court did not err in denying appellant's motion for appointment of counsel. Bratcher v. Bratcher, October 31, 2001, Wayne County App. No. 01CA0014.
 {¶ 22} Appellant's second assignment of error are overruled.
 {¶ 23} Based on the above, both June 1, 2004 judgment entries of the Licking County Court of Common, Domestic Relations Division, are affirmed.
Hoffman, P.J. Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the June 1, 2004 judgment entries of the Licking County Court of Common Pleas, Domestic Relations Division, are affirmed. Costs assessed to appellant.