OPINION
{¶ 1} Plaintiff-appellant Dan T. Moore appeals the November 2, 2004 Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, denying his motion for visitation while incarcerated. Defendant-appellee is Danielle O. Moore.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The parties were married in 1997, and one child was born of the marriage on March 24, 1999. The parties were divorced in June, 2003. In early 2003, appellant pled guilty to kidnapping after unlawfully taking the parties minor child out of state, and was sentenced to four years incarceration at the O.D.R.C. Noble Correctional Institution.
 {¶ 3} On September 20, 2004, appellant filed a motion with the trial court requesting visitation with his minor daughter. On November 2, 2004, via Judgment Entry, the trial court denied appellant's request for visitation.
 {¶ 4} It is from the November 2, 2004 Judgment Entry appellant now appeals, assigning as error:
 {¶ 5} "I. THE LOWER COURT VIOLATED THE APPELLANT'S RIGHTS, HARMED HIS CHILD, AND ABUSED ITS DISCRETION BY DENYING HIS `COMPLAINT FOR VISITATION' WITHOUT A HEARING OR COUNTER-BRIEF BASED ON ITS OWN ALLEGED PREVIOUS FINDINGS."
 I {¶ 6} Appellant maintains the trial court abused its discretion in denying his request for visitation without a hearing or opposing brief. We disagree.
 {¶ 7} A trial court's decision concerning visitation rights will not be reversed on appeal except upon a finding of an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144,541 N.E.2d 1028. An abuse of discretion implies an attitude that is unreasonable, arbitrary or unconscionable. Id. However, a trial court's discretion in visitation matters is not unfettered. "In modifying visitation rights, a court must determine whether a change in the visitation order is in the child's best interest, and it must consider the factors set forth in R.C. 3109.051(D) in making this determination." In re Ross, 154 Ohio App.3d 1,796 N.E.2d 6, 2003-Ohio-4419. In order to further the child's best interest, the trial court has the discretion to limit or restrict visitation rights. Jannetti v. Nichol (May 12, 2000), 7th Dist. No. 97-CA-239. "This includes the power to restrict the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child." Id.
 {¶ 8} This court recognizes "[a] noncustodial parent's right of visitation with his children is a matter of natural right and should be denied only under extraordinary circumstances." Pettryv. Pettry (1984), 20 Ohio App.3d 350, 352, 486 N.E.2d 213; Inre Ramey (Dec. 22, 1999), Washington App. Nos. 98CA4 and 98CA28, unreported. The imprisonment of a parent for a term of years constitutes an "extraordinary circumstance." In re Hall (1989),65 Ohio App.3d 88, 90, 582 N.E.2d 1055; In re Erica (1994),65 Ohio Misc.2d 17, 640 N.E.2d 623; In re Jergens (June 26, 1998), Montgomery App. No. CA16848, unreported.
 {¶ 9} Having concluded imprisonment for a term of years of a natural parent is an extraordinary circumstance, it does not necessarily follow that no visitation can be awarded. In reHall, supra. Once the extraordinary circumstance is established, visitation necessarily must depend upon the best interest of the child. Id. The burden of demonstrating it would be beneficial and in the best interest of the child for visitation to continue falls upon the natural parent who is incarcerated. Id. Transporting a young child to a prison on a regular basis to visit with a parent gives rise to an inference of harm to the child, and, thus, gives rise to the presumption such visitation is not in the child's best interest. Hall at 91,582 N.E.2d 1055; Erica at 19, 640 N.E.2d 623.
 {¶ 10} Under the circumstances presented in the case sub judice, we find the trial court's order denying appellant visitation is not arbitrary, unreasonable, or unconscionable. A hearing was not necessary.
 {¶ 11} Appellant's sole assignment of error is overruled.
 {¶ 12} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.
Hoffman, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.