RUTLAND, Appellee,

v.

RUTLAND, Appellant.

[Cite as *Rutland v. Rutland* (2001), 143 Ohio App.3d 211.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 18637.

Decided May 18, 2001.

*Richard P. Arthur,* for appellee.

*Ted W. Rice,* Assistant Public Defender, for appellant.

---

WOLFF, Presiding Judge.

Julie Rutland and James Rutland are the parents of fourteen-year-old Kyle Rutland. The parties' marriage was dissolved in 1988, and Mrs. Rutland was awarded custody of Kyle. In March 2000, Mr. Rutland sought a change of Kyle's custody to himself. After hearings before a magistrate, a change of custody was recommended August 17, 2000. Objections to the magistrate decision and a request for findings of fact and conclusions of law were filed by Mrs. Rutland August 31, 2000. No findings of fact and conclusions of law were entered. The trial court overruled the objections November 21, 2000, and adopted the magistrate's recommendation.

Mrs. Rutland appeals, advancing two assignments of error:

"1. The trial court erred in overruling appellant's objections to the magistrate decision on the grounds that said decision failed to contain sufficient findings of fact.

"2. The trial court violated Rule 52 of the Ohio Rules of Procedure in the conduct of this case."

We will first consider the second assignment.

The magistrate order of August 17, 2000, contained the following language:

■ "This Magistrate Decision contains findings of fact and conclusions of law referenced in Civ.R. 53(E)(2) and Civ.R. 52. No additional request for findings of fact and conclusions of law will be granted."

Mrs. Rutland contends that this language, which she presumes is part of the boilerplate language of many magistrate decisions, frustrates a litigant's entitlement, under Civ.R. 52 and 53(E)(2), to obtain separate findings of fact and conclusions of law upon timely request. She contends that the prohibition against requests for findings of fact and conclusions of law circumvents Civ.R. 52 and 53(E)(2) and encourages the sort of magistrate's decision of which she complains in the first assignment, *i.e.*, a decision that summarizes the evidence but does not make specific findings of fact.

We agree with Mrs. Rutland's criticism of the above-quoted language. Civ.R. 53 does not require magistrates to make separate findings of fact and conclusions of law unless a timely request is made pursuant to Civ.R. 52. See Civ.R. 53(E)(2). Prohibiting requests for findings of fact and conclusions of law for the reason that the magistrate decision already contains them presumes that the magistrate decision contains findings of fact and conclusions of law, and that they are adequate. This presumption is not always valid, as the magistrate decision in this case demonstrates. As discussed below under the first assignment, the magistrate comprehensively summarized the evidence, but she did not make findings of fact. Mrs. Rutland was entitled to findings of fact under Civ.R. 53 upon timely request, and the above-quoted language in the magistrate order—if followed—would have frustrated that entitlement. That having been said, Mrs. Rutland nevertheless cannot prevail on this assignment. Civ.R. 52 requires that a request for findings of fact and conclusions of law be made, at the latest, within seven days of the requesting party's being notified of the announcement of the magistrate decision. That was not done in this case.

The second assignment is overruled.

■ Under the first assignment, Mrs. Rutland contends that the magistrate failed to make findings of fact. She also contends that the magistrate decision

misstates the evidence. We agree. Although the magistrate decision contains a comprehensive summary of the evidence, this summary does not amount to findings of fact, despite the above-quoted language in her decision and the trial court's assertion that the magistrate report contained "[d]etailed findings" as to the custody determination. See *In re Burton S.* (1999), 136 Ohio App.3d 386, 392–393, 736 N.E.2d 928, 932–933. However, we do not believe this deficiency in the magistrate report is a basis for reversal absent a timely request for findings of fact. As we stated above, Civ.R. 53 does not require the magistrate to render separate findings of fact and conclusions of law absent a timely request for them. Mrs. Rutland's request was not timely.

Mrs. Rutland does not assert as error the determination to change custody from her to Mr. Rutland. We have nevertheless reviewed the entire record to satisfy ourselves as to the propriety of this determination.

It is clear that the magistrate credited the evidence favorable to Mr. Rutland where the evidence conflicted. Furthermore, although the magistrate report contained a few misstatements of the evidence, in our judgment, they were not outcome-determinative. Accordingly, being a reviewing court, we find no basis for disturbing the judgment in this case.

The first assignment is overruled.

The judgment will be affirmed.

*Judgment affirmed.*

FAIN and FREDERICK N. YOUNG, JJ., concur.