[Cite as *Hamilton v. Hamilton*, 2016-Ohio-5900.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nathan C. Hamilton, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 14AP-1061 |
| v. | : | (C.P.C. No. 02DR-3997) |
| Pamela M. Hamilton, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 20, 2016

**On brief:** *Mowery, Youell and Galeano, Ltd., Judith E. Galeano,* and *Sean P. Sheridan*, for appellee. **Argued:** *Judith E. Galeano.*

**On brief:** *Pamela M. Hamilton,* pro se. **Argued:** *Pamela M. Hamilton.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Pamela M. Hamilton, appeals from the May 21, 2014[1] judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which adopted the decision of the court's magistrate filed May 19, 2014, granting the motion by plaintiff-appellee, Nathan C. Hamilton, for modification of parental rights and responsibilities regarding the parties' minor child. The judgment designated appellee as the sole residential and custodial parent of the minor child and ordered there be no parenting time for appellant prior to extensive individual counseling for appellant and

---

[1] The notice of appeal states: "Notice is hereby given that Pamela M. Hamilton hereby appeals to the Court of Appeals, Tenth Appellate District of Franklin County, Ohio, from the final judgment entry of the Franklin County Domestic Court entered on 05/21/2014[,] App.R. 4(B)(2)(b) filed on 11/24/2014." We construe this reference to "App.R. 4(B)(2)(b) filed on 11/24/2014" as an indication to the court that, although the notice was filed on December 24, 2014, more than 30 days after the date the May 21, 2014 judgment was entered, pursuant to App.R. 4(B)(2)(b), appellant timely filed her notice of appeal within 30 days of when the court entered judgment denying her motion for new trial on November 24, 2014.

reunification counseling. For the reasons stated in the discussion following, we overrule appellant's twelve assignments of error.

## I. Standard of Review

{¶ 2} Because the evidentiary hearing in the trial court was handled by a magistrate, we first examine the trial court's responsibilities, pursuant to Civ.R. 53, in reaching its decision and judgment, as well as our own standard of review. We note that appellant did not file objections to the magistrate's decision on appellee's motion for modification of parental rights and responsibilities. Instead, she moved for a new trial and for appointment of a new guardian ad litem ("GAL"). The trial court referred appellant's motions to a magistrate. The magistrate denied both motions and the trial court adopted the magistrate's decision. (*See* Nov. 24, 2014 Jgmt. Entry and Magistrate's Decision.) Appellant timely requested findings of fact and conclusions of law on the magistrate's decision, and the magistrate issued an amended decision, which the trial court also adopted. (*See* Dec. 10, 2014 Jgmt. Entry and Magistrate's Decision.) Again, no objections were filed to these magistrate's decisions.

{¶ 3} Under Civ.R. 53(D)(3)(b)(iii), if appellant had filed objections, a supporting transcript or affidavit in lieu of an unavailable transcript would have been required. Without either objections or a transcript, the trial court was free to adopt the magistrate's decision, unless it determined there was an "error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Since appellant did not file objections regarding the decision modifying custody and support, nor objections regarding the decisions on the motion for new trial and GAL, the trial court's scope of review was limited to reviewing those decisions on their face for error of law or other evident defect.

{¶ 4} Furthermore, because appellant did not file objections, our review of the trial court's adoption of the magistrate's decision is limited to plain error.

{¶ 5} Each of the magistrate's decisions adopted by the court concluded with the following notification in bold type:

> **A party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii) or Juv.R. 40(D)(3)(a)(ii), unless the party timely and specifically**

> **objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b)[2] or Juv.R. 40(D)(3)(b).[3]**

(Emphasis omitted.) (May 19 2014 Magistrate's Decision at 29; Nov. 24, 2014 Magistrate's Decision at 5; Dec. 10, 2014 Magistrate's Decision at 5.) In her reply brief, appellant argues that her objections were filed under Civ.R. 59 instead of Civ.R. 53. However, the filing of a motion for new trial, pursuant to Civ.R. 59, is not a substitute for the filing of objection(s) pursuant to Civ.R. 53. We note the plain language of Civ.R. 53(D)(3)(b)(iv): "a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion *as required by Civ.R. 53(D)(3)(b).*" (Emphasis added.) *See also* Juv.R.

---

[2] Objections to magistrate's decision. (i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law. (ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection. (iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections. (iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

[3] Objections to magistrate's decision. (i) Time for filing. A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Juv.R. 40(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law. (ii) Specificity of objection. An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection. (iii) Objection to magistrate's factual finding; transcript or affidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Juv.R. 40(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections. (iv) Waiver of right to assign adoption by court as error on appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

40(D)(3)(b)(iv).  "By choosing to file a motion for new trial in lieu of filing objections, appellant has precluded our review of these issues pursuant to Civ.R. 53(E)(3)(b) [former Civ.R. 53(D)(3)(b)]."  *Timken Mercy Med. Ctr. v. Vrabec*, 5th Dist. No. 1988CA00339 (July 26, 1999).[4]

{¶ 6}  We discussed the consequences of an appellant's failure to object to a magistrate's decision in *Lavelle v. Lavelle,* 10th Dist. No. 12AP-159, 2012-Ohio-6197, ¶ 8:

> Civ.R. 53(D)(3)(b)(iv) states that: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion * * * unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." The Supreme Court of Ohio has firmly adhered to this procedural mandate. *McLellan v. McLellan*, 10th Dist. No. 10AP-1105, 2011-Ohio-2418. In *State ex rel. Findlay Industries v. Indus. Comm.*, 121 Ohio St.3d 517, 2009-Ohio-1674, the Supreme Court dismissed an appeal from a magistrate's decision and affirmed the lower court's judgment, finding "[a]ppellant's arguments derive directly from the conclusions of law provided in the magistrate's decision. Appellant, however, did not object to those conclusions as Civ.R. 53(D)(3)(b) requires. Thus * * * we can proceed no further." *Id.* at ¶ 3.

Likewise, here, because appellant failed to object to the magistrate's decision, we can proceed no further unless we find plain error.

## II.  Assignments of Error

{¶ 7}  Notwithstanding the lack of objections, appellant now makes twelve assignments of error:

> I. THE COURT'S DECISION VIOLATES MOTHER'S FUNDAMENTAL PARENTAL RIGHTS PROTECTED BY THE CONSTITUTION.
>
> II. THE COURT ABUSED ITS DISCRETION BY FINDING THE EVIDENCE MEETS THE REQUIRED STANDARDS, RELYING ON IMPROPER EVIDENCE, AND THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> III. THE COURT ERRED IN FAILING TO APPLY THE STRICT SCRUTINY ANALYSIS AS MANDATED BY THE CONSTITUTION.

---

[4] Furthermore, even if we were to construe the motion for new trial as objections to the magistrate's decision, they would be considered untimely as the motion was filed on June 18, 2014, 28 days after the filing of the magistrate's decision on May 21, 2014. Civ.R. 53(D)(3)(b)(i) requires objections be filed within 14 days of a magistrate's decision.

IV. THE COURT ABUSED ITS DISCRETION BY MODIFYING THE TERMS OF THE CONSENT AGREEMENT AND BY ALLOWING FATHER NOT TO SIGN THE REQUIRED RELEASES.

V. THE COURT ABUSED ITS DISCRETION BY ENGAGING IN A PATTERN OF CONDUCT OF DISREGARDING CONSTITUTIONAL, STATE AND LOCAL LAWS IN VIOLATION OF MOTHER'S RIGHT OF DUE PROCESS.

VI. THE COURT ABUSED ITS DISCRETION BY DENYING PSYCHOLOGICAL EVALUATIONS.

VII. THE COURT ABUSED ITS DISCRETION IN ALLOWING THE GUARDIAN AD LITEM * * * TO FAIL IN HER DUTIES.

VIII. THE COURT ABUSED ITS DISCRETION BY FINDING AN AUTHORIZED CHANGE IN CIRCUMSTANCE UNDER R.C. 3109.04(E) OCCURRED.

IX. THE COURT ABUSED ITS DISCRETION IN DETERMINING THE BEST INTEREST OF THE CHILD UNDER R.C. 3109.04(F).

X. THE COURT ABUSED ITS DISCRETION BY DENYING PARENTING TIME UNDER R.C. 3109.051.

XI. THE COURT ABUSED ITS DISCRETION BY DENYING ANY CONTACT, NOTIFICATIONS, AND ACCESS TO RECORDS AND EXTRA-CURRICULAR ACTIVITIES UNDER R.C. 3109.051.

XII. THE COURT ABUSED ITS DISCRETION BY ISSUING CHILD SUPPORT WITHOUT A SPECIFIC VISITATION SCHEDULE UNDER R.C. 3119.08.

## III. Discussion

{¶ 8} "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error seriously affects the basic fairness, integrity, or public reputation of the judicial process itself." *Uretsky v. Uretsky,* 10th Dist. No. 02AP-1011, 2003-Ohio-1455, ¶ 7, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116 (1997), syllabus. "Indeed, the plain error doctrine implicates errors in the judicial process where the error is clearly apparent on the face of the record and is prejudicial to the appellant." *Skydive Columbus Ohio, LLC v.*

*Litter,* 10th Dist. No. 09AP-563, 2010-Ohio-3325, ¶ 13, citing *Reichert v. Ingersoll,* 18 Ohio St.3d 220, 223 (1985). " 'Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise.' " *In re C.M.,* 10th Dist. No. 07AP-933, 2008-Ohio-2977, ¶ 50, quoting *State v. Moreland,* 50 Ohio St.3d 58, 62 (1990). "Because parental rights determinations are difficult to make and appellate courts accord wide latitude to the trial court's consideration of evidence in these cases, '[p]lain error is particularly difficult to establish.' " *Faulks v. Flynn,* 4th Dist. No. 13CA3568, 2014-Ohio-1610, ¶ 20, quoting *Robinette v. Bryant,* 4th Dist. No. 12CA20, 2013-Ohio-2889, ¶ 28. For the reasons that follow, we find no plain error in the judgment of the trial court to reallocate parental rights and responsibilities regarding the minor child.

{¶ 9} In her reply brief, appellant argued "this case contains the rare circumstances needed to establish plain errors. Most of the errors are plain." (Appellant's Reply brief at 2.) However, she did not assert plain error in her assignments of error. Rather, assignments of error two, four, five, six, seven, eight, nine, ten, eleven, and twelve assert the trial court "abused its discretion." Appellate courts decide assignments of error, not arguments or issues contained in a brief. App.R. 12(A)(1)(b); *In re Estate of Taris,* 10th Dist. No. 04AP-1264, 2005-Ohio-1516, ¶ 5 (this court rules on assignments of error only, and will not address mere arguments). Therefore, it is not necessary for us to address appellant's assignments of error two, four, five, six, seven, eight, nine, ten, eleven, and twelve. Nevertheless, we note that, in the interest of justice, we have carefully considered appellant's arguments and find no error which "seriously affect[ed] the basic fairness, integrity, or public reputation of the judicial process itself." *Uretsky* at ¶ 7, citing *Goldfuss* at syllabus. Furthermore, it cannot be said that, but for any error, the outcome of the trial clearly would have been otherwise.

{¶ 10} Thus, we overrule appellant's assignments of error two, four, five, six, seven, eight, nine, ten, eleven,[5] and twelve.

---

[5] We note the partial dissent's finding of plain error as to the tenth and eleventh assignments of error. While we have carefully considered the analysis of the dissent, we do not agree there was plain error. First, appellant did not allege plain error. Second, the *Flynn v. Flynn,* 10th Dist. No. 02AP-801, 2003-Ohio-990, and *Graham v. Harrison,* 10th Dist. No. 08AP-1073, 2009-Ohio-4650, cases relied on by the dissent are distinguishable because the error was specifically alleged in those cases and the court was not applying the plain error standard. Third, the magistrate here did provide an explanation for the deviation from the local rule. Finally, error, if any, would not be plain as it would not change the outcome of the case.

{¶ 11} Assignments of error one and three also do not assert plain error. However, in the interest of justice, they are addressed below. Under her first and third assignments of error, appellant asserts the decision to award appellee sole custody of the minor child without any parenting time for appellant was unconstitutional because it was equivalent to termination of her parental rights.

{¶ 12} To begin, the Supreme Court of Ohio has held that the statutory framework for modifying parental rights and responsibilities, pursuant to R.C. 3109.04(E)(1)(a), does not deprive parents of their fundamental right to custody of their children. *In re James,* 113 Ohio St.3d 420, 2007-Ohio-2335, ¶ 17. Furthermore, the Tenth District and, subsequently, the Supreme Court have upheld the constitutionality of R.C. 3109.051(D), which enumerates the factors governing parenting time rights, along with the non-parent visitation law, R.C. 3109.11. *Crigger v. Crigger,* 10th Dist. No. 04AP-288, 2005-Ohio-519, *aff'd,* 107 Ohio St.3d 100, 2005-Ohio-5975; *Harrold v. Collier,* 107 Ohio St.3d 44, 2005-Ohio-5334.

{¶ 13} Of note as well:

> In order to further a child's best interest, a trial court has the discretion to limit parenting time rights. *Moore v. Moore,* 5th Dist. No. 04CA111, 2005-Ohio-4151, ¶ 7; *Hoppel* [*v. Hoppel*, 7th Dist. No. 03 CO 56, 2004-Ohio-1574] at ¶ 15; *Anderson v. Anderson*, [147 Ohio App.3d 513], 2002-Ohio-1156, ¶ 18 [7th Dist.]. Trial courts may restrict the time and place of visitation, determine the conditions under which parenting time will take place, and deny parenting time rights altogether if parenting time would not be in the best interest of the child. *Moore* at ¶ 7; *In re Bailey,* 1st Dist. No. C-040014, 2005-Ohio-3039, ¶ 25; *Hoppel* at ¶ 15; *Anderson* at ¶ 18.

*Williamson v. Cooke,* 10th Dist. No. 09AP-222, 2009-Ohio-6842, ¶ 18.

{¶ 14} Appellant's claim that the trial court's decision is equivalent to complete termination of her parental rights is rebutted by the trial court's adoption of the magistrate's statement as follows:

> Notices Pursuant to §3109.051: The court finds that the relationship between defendant and [minor child] is such that any interaction between defendant and [minor child] *prior to* extensive individual counseling for defendant and reunification counseling for both is detrimental to the minor child and not in her best interests.

(Emphasis added.) (May 19, 2014 Magistrate's Decision at 24-25.)  Use of the phrase "prior to" implies that conditions precedent must be met before parenting time can be permitted.  It does not mean appellant's parental rights have been terminated.  The magistrate's decision of November 24, 2014, adopted by the court, reiterates this by stating: "Defendant continues to suggest that her parental rights have been terminated however that is not the legal result of the trial and decision issued by this court. Defendant's parenting time has been suspended, nothing more and nothing less." (Nov. 24, 2014 Magistrate's Decision at 3.)  The decision does not preclude appellant from forever moving the trial court for further orders relating to parenting time.

{¶ 15} R.C. 3109.04(E) and 3109.051(D) governed the trial court's decision to modify custody and to deny appellant parenting time, respectively, in view of the minor child's best interests.  Those statutes on their face and the adjudication of the facts of this case by the trial court, pursuant to those statutes, did not infringe appellant's due process rights under the plain error standard.  Thus, assignments of error one and three are overruled.

## IV. Conclusion

{¶ 16} For the foregoing reasons, we overrule appellant's twelve assignments of error and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

SADLER, J., concurs in part and concurs in judgment.
BRUNNER, J., concurs in part and dissents in part.

SADLER, J., concurring separately and concurring in judgment.

{¶ 17} I concur with the conclusion and rationale of the lead opinion in determining that our review on this matter is limited to plain error and that appellant failed to raise plain error in any of her assignments of error.  I also concur with the rationale and conclusion of the lead opinion to not address assignments of error two, four, five, six, seven, eight, nine, ten, eleven, and twelve on this basis.  In my view, this same analysis applies equally to assignments of error one and three.  For these reasons, I concur with the lead opinion in affirming the judgment of the trial court.

BRUNNER, J., concurring in part and dissenting in part.

{¶ 18} I concur in judgment only with the lead opinion as to all assignments of error, except the tenth and eleventh assignments of error. The trial court's decision designates appellee as the sole residential and custodial parent of the parties' minor child, suspends appellant's visitation time pending extensive individual counseling for appellant, determining that further reunification counseling is not in the minor child's best interests, and denies appellant access to the minor child's health and school records and the child's extracurricular activities. As to the tenth and eleventh assignments of error, concerning parenting time and access to records and extracurricular activities pursuant to R.C. 3109.051, I would find plain error. Thus I would reverse and remand the decision to the trial court to specifically analyze its evidentiary findings according to the statutory factors necessary to reach its conclusions on these issues. In civil appeals, the plain error test is applied "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 124 (1987), citing *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.*, 18 Ohio St.3d 268, 275 (1985). Despite the decisions of other districts, I consider these issues to be matters of law.

{¶ 19} In reviewing appellant's tenth and eleventh assignments of error, I am troubled by the omission of a separate analysis of the factors set forth in R.C. 3109.051 to support the complete denial of parenting time to appellant. First, however, I would reject appellant's contention that a change to permit visitation in the future is impossible if she is not permitted any contact with the minor child. R.C. 3109.051(B)(2) does not require a change of circumstance in appellant's case; this section applies to persons other than a parent. Appellant, the child's mother, "need make no showing that there has been a change in circumstances in order for the court to revise [her] rights to visitation. Pursuant to R.C. 3109.051(D), however, the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion determine visitation that is in the best interest of the child." *Braatz v. Braatz*, 85 Ohio St.3d 40, 45 (1999).

{¶ 20} The magistrate decided that appellant's relationship with the child was such that any interaction prior to extensive individual counseling for appellant and reunification counseling for both would be detrimental to the child and not in her best interests. Appellee also acknowledges that the door remains open for restoration of

visitation if appellant was to undergo extensive counseling and then seek counseling for reunification with the child.

{¶ 21} R.C. 3109.051(D) provides:

> In determining whether to grant parenting time to a parent pursuant to this section or section 3109.12 of the Revised Code or companionship or visitation rights to a grandparent, relative, or other person pursuant to this section or section 3109.11 or 3109.12 of the Revised Code, in establishing a specific parenting time or visitation schedule, and in determining other parenting time matters under this section or section 3109.12 of the Revised Code or visitation matters under this section or section 3109.11 or 3109.12 of the Revised Code, the court shall consider all of the following factors:
>
> (1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;
>
> (2) The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;
>
> (3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;
>
> (4) The age of the child;
>
> (5) The child's adjustment to home, school, and community;
>
> (6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;
>
> (7) The health and safety of the child;

**(8)** The amount of time that will be available for the child to spend with siblings;

**(9)** The mental and physical health of all parties;

**(10)** Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;

**(11)** In relation to parenting time, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

**(12)** In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that the person has acted in a manner resulting in a child being an abused child or a neglected child;

**(13)** Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(14) Whether either parent has established a residence or is planning to establish a residence outside this state;

(15) In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court;

(16) Any other factor in the best interest of the child.

{¶ 22} As we stated in *Graham v. Harrison*, 10th Dist. No. 08AP-1073, 2009-Ohio-4650, ¶ 39-40:

> In *Dannaher v. Newbold*, 10th Dist. No. 03AP-155, 2004-Ohio-1003, ¶ 114, we noted that R.C. 3109.051(F)(2) "requires each common pleas court to adopt standard parenting time guidelines." Pursuant to that requirement, the Franklin County Court of Common Pleas, Division of Domestic Relations, has adopted Loc.R. 27. A court possesses "discretion to deviate from its standard parenting time guidelines based upon factors set forth in division (D) of this section." *Id.* In *Dannaher*, while we noted that, "[a] deviation from the standard schedule is, of course, permitted if that deviation will serve the child's best interest," we also determined that where a trial court does deviate from the standard schedule without mention of the R.C. 3109.051 factors and an explanation for the deviation, the case must be remanded for the trial court to do so. *Id.* at ¶ 122.
>
> The factors enumerated in R.C. 3109.051 are not identical to, or interchangeable with, the factors in R.C. 3109.04 in determining whether shared parenting is in the child's best interest. *Flynn v. Flynn*, 10th Dist. No. 02AP-801, 2003-Ohio-990. In the present case, while the trial court thoroughly discussed the R.C. 3109.04 factors in determining whether shared parenting was in the child's best interest, it made no mention of the R.C. 3109.051 factors relating to parenting time, and it deviated from the Loc.R. 27 schedule without an explanation therefor.

{¶ 23} In *Cavagnaro v. Cavagnaro,* 12th Dist. No. CA2012-02-012, 2012-Ohio-4024, ¶ 11, the trial court implicitly considered some factors listed in R.C. 3109.051(D) in its decision but did not clearly enumerate them or indicate its reasoning in connecting factors implicitly considered to the decision to modify the right of first refusal for additional parenting time if the father were unavailable for any period of time including an overnight. Since the analysis and clear reasoning behind the trial court's decision to

determine parenting time was absent from its written opinion, the appellate court could not review the decision for abuse of discretion without impermissibly substituting its judgment for that of the trial court. Thus, a remand was necessary for the trial court to clearly enumerate its reasoning and to follow statutory precepts before the court of appeals could review its decision to modify the parenting time schedule. *Id. at* ¶ 12, citing *Preece v. Stern,* 12th Dist. No. CA2008-09-024, 2009-Ohio-2519, ¶ 14, 32. *See also In re L.R.M.,* 12th Dist. No. CA2014-11-229, 2015-Ohio-4445 (juvenile court was required to make a best interest determination considering the factors in R.C. 3109.051(D), rather than the "extraordinary circumstances" standard for denial of visitation set forth in *Pettry v. Pettry,* 20 Ohio App.3d 350 (8th Dist.1984), which was superseded by R.C. 3109.051).

{¶ 24} The decision in this matter contains the same error requiring reversal as in *Flynn* and *Graham,* albeit the magistrate did note that then-applicable Loc.R. 27 of the Franklin County Court of Common Pleas, Domestic Relations Division, would not be adopted as appellant would not have any parenting time. The Supreme Court of Ohio clearly stated in *Braatz* that "modification of visitation rights is governed by R.C. 3109.051, and * * * the specific rules for determining when a court may modify a custody decree as set forth in R.C. 3109.04 are not equally applicable to modification of visitation rights." *Braatz* at 44-45. We have espoused the view unequivocally that the trial court's discussion of the factors in determining the best interest of the child in consideration of a custody modification may not substitute for a mandatory consideration of the R.C. 3109.051(D) factors applicable to parenting time. This error is clearly apparent on the face of the record and prejudicial to the appellant. I would find plain error so as to sustain appellant's tenth assignment of error.

{¶ 25} Our decisions have treated the mistaken substitution of R.C. 3109.04 criteria for those of R.C. 3109.051 as misapplication of the law rather than abuse of discretion. *See Flynn* at ¶ 11. Other districts have handled the issue differently. In *Braden v. Braden,* 11th Dist. No. 2006-P-0028, 2006-Ohio-6878, the Eleventh District Court of Appeals excused the trial court's failure to consider the R.C. 3109.051 factors in restricting visitation rights as part of its custody determination specifically referencing R.C. 3109.04. The court viewed the R.C. 3109.04 factors essentially the same as the factors listed in R.C. 3109.051, with the addition of factors 3, 4, 7 and 8 in the latter statute governing visitation. *Id.* at ¶ 38, 44. The court in *Braden* found in its review of

the record that each of the R.C. 3109.051 factors was considered although the trial court did not specifically enumerate them.

{¶ 26} The Seventh District Court of Appeals in *Campana v. Campana*, 7th Dist. No. 08 MA 88, 2009-Ohio-796 noted R.C. 3109.051(D)(10) as an additional factor not encompassed in R.C. 3109.04(F)(1), and construed the magistrate's order as having encompassed the proper R.C. 3109.051(D) factors. The court concluded that the magistrate's decision considered a multitude of facts pertinent to R.C. 3109.051(D), and the improper citations of the custody factors were therefore harmless error. *Id.* at ¶ 56.

{¶ 27} In *In re K.S.*, 12th Dist. No. CA2012-07-050, 2013-Ohio-216, ¶ 53-55, the Twelfth District Court of Appeals excused the failure to address the R.C. 3109.051(D)'s factors that did not overlap with R.C. 3109.04(F), inasmuch as the court's determination would have been the same. *See also Bonner v. Deselm-Bonner*, 5th Dist. No. 10CA000033, 2011-Ohio-2348, ¶ 39 ("If it is clear from the record the court considered the factors in R.C. 3109.051, even if the statute or the factors are not specifically referenced, we will not find an abuse of discretion."); *Bernard v. Bernard*, 7th Dist. No. 00 CO 25, 2002-Ohio-552 (where general entry does not specifically cite R.C. 3109.051(D) factors, it is not an abuse of discretion when it appears from the entry that some of the factors were addressed); *In re Troyer,* 188 Ohio App.3d 543, 2010-Ohio-3276, ¶ 36 (7th Dist.) (any error on the part of the trial court in failing to specifically refer to the R.C. 3109.051(D) visitation best-interest factors was harmless); *Evangelista v. Horton,* 7th Dist. No. 08 MA 244, 2011-Ohio-1472, ¶ 47 (while trial court did not explicitly link evidence at trial to the factors found in R.C. 3109.051(D), it appeared that trial court contemplated same underlying concepts; therefore, failure to explicitly cite the R.C. 3109.051(D) factors did not appear unreasonable, arbitrary, or unconscionable and thus did not constitute abuse of discretion). In accordance with the clear pronouncement in *Braatz* and our holdings in *Flynn* and *Graham*, I would find that plain error exists requiring that we sustain appellant's tenth assignment of error.

{¶ 28} I would sustain the eleventh assignment of error, as well. The magistrate's decision gave no reason why it would be in the best interest of the child for appellant to not receive school activity notices,[6] to not attend school and extracurricular activities and to not obtain mental health records under R.C. 3109.051(H) and (J); although, the

---

[6] Appellant was permitted only to request and receive copies of the child's grade reports and comments from teachers.

decision followed the recommendations in the post-trial report of the guardian ad litem, along with the guardian ad litem's change of mind from her previous reports that appellant should receive no parenting time rather than one hour per month under the supervision of Dr. Beck and the child's counselor, Dr. Nanette Hart, as previously recommended.

{¶ 29} For these reasons, I concur with the lead opinion in affirming the judgment of the trial court as to all assignments of error, except assignments ten and eleven. I would sustain those assignments of error, reversing the trial court's decision and remanding it for resolution of those assignments of error in accordance with this dissenting opinion.

———————————