[Cite as *Diamond Energy Partners, L.L.C. v. Stout*, 2026-Ohio-2252.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| DIAMOND ENERGY PARTNERS, L.L.C., | CASE NO. 2025-P-0051 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - vs - | |
| ANDREW STOUT, et al., | Trial Court No. 2024 CV 00076 |
| Defendants-Appellants. | |

## OPINION AND JUDGMENT ENTRY

Decided: June 15, 2026
Judgment: Affirmed

*Michael A. Partlow*, P.O. Box 1562, 3435 Kent Road, Stow, OH 44224 (For Plaintiff-Appellee).

*Matthew W. Onest*, Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A., 6715 Tippecanoe Road, 2C, Canfield, OH 44406, *Bryan A. Bixler*, Krugliak, Wilkins, Griffiths & Dougherty Co. L.P.A., 4775 Munson Street, N.W., P.O. Box 36963, Canton, OH 44735, and *Constance A. Hesske*, 310 Melbourne Avenue, Akron, OH 44313 (For Defendants-Appellants).

EUGENE A. LUCCI, J.

{¶1} Appellants, Andrew and Deena Stout appeal the judgment adopting a magistrate's decision in favor of appellee, Diamond Energy Partners, L.L.C. ("Diamond"), and ordering the Stouts to take and refrain from certain activities related to Diamond's oil and gas production on the Stouts' property. We affirm.

{¶2} In 2024, Diamond filed a complaint against the Stouts, alleging the Stouts had purchased certain property subject to an oil and gas lease. Diamond stated it

operated a well on the Stouts' property pursuant to a valid assignment of the lease. However, Diamond alleged that the Stouts had unlawfully interfered with its ability to access the well by placing farm machinery on the access road. Further, Diamond alleged that the Stouts had tampered with its equipment and stolen gas from the well, which depleted the well and prevented it from producing. Based on these allegations, Diamond advanced claims for trespass, tortious interference with contract, conversion, civil theft, and a permanent injunction.

{¶3}    With leave from the court, the Stouts answered the complaint on July 5, 2024. In their answer, the Stouts denied the allegations contained in the portions of the complaint outlining the claims; however, they made no reference in their answer to the factual allegations contained in the initial paragraphs, including: (1) the Stouts purchased the property subject to the gas and oil lease, (2) Diamond operated the lease pursuant to a valid assignment, (3) Diamond has the lawful right to enter the property for purposes of accessing the well, (4) the Stouts unlawfully interfered with Diamond's access by placing farm equipment on the access road, (5) Diamond discovered that the Stouts had tampered with Diamond's equipment, and (6) the Stouts had stolen gas from the well.

{¶4}    In November 2024, Diamond moved for leave to file an amended complaint to include a lease pertinent to a second well operated by Diamond on the Stouts' property. The trial court denied the motion.

{¶5}    Following a trial to the magistrate, the magistrate issued a decision on April 24, 2025. In her decision, the magistrate set forth the elements of a conversion action, discussed principles of contract interpretation, and outlined the elements of a claim for tortious interference with a contract. The magistrate then made numerous factual findings.

Thereafter, the magistrate ordered the Stouts to remove unauthorized gas lines, permanently enjoined the Stouts from interfering with Diamond's access to the gas wells located on their property, ordered the Stouts to have all gas lines installed for their free gas use pursuant to the lease to be inspected prior to use, and "enjoined [the Stouts] from further breach of the Oil and Gas Lease to which their real property is subject." The trial court adopted the magistrate's decision on the same day it was issued and entered judgment consistent with the decision.

{¶6} The Stouts did not file objections to the magistrate's decision. However, on April 28, 2025, the Stouts filed a request for the magistrate to issue findings of fact and conclusions of law pursuant to Civ.R. 53(D)(3)(a)(ii).

{¶7} On May 13, 2025, the Stouts filed a motion to "set aside" the April 24, 2025 judgment and to order the clerk to "re-open" the case on the docket. On May 21, 2025, the Stouts filed a motion for a new trial.

{¶8} On May 23, 2025, the trial court issued an entry denying the Stouts' May 13, 2025 motion. The trial court also found the Stouts' request for findings of fact and conclusions of law moot based on its determination that the magistrate's decision was not general, but, instead, it was detailed and included findings of fact and conclusions of law even though not specifically identified as such.

{¶9} On July 29, 2025, prior to the trial court ruling on the motion for a new trial, the Stouts noticed an appeal from the April 24, 2025 and May 23, 2025 judgments. Thereafter, this court remanded the matter to the trial court to rule on the pending motion for a new trial.

{¶10} While on remand, Diamond moved for leave to file a response to the motion for a new trial, which the trial court granted. In its response opposing the motion for a new trial, Diamond maintained that the Stouts' motion sought to relitigate evidentiary issues and to change their trial strategy by raising new arguments for the first time.

{¶11} On October 2, 2025, the trial court denied the motion for a new trial, finding that the Stouts were "attempting to relitigate issues that were considered by this Court and other issues that were never argued before the trial court." Thereafter, the Stouts amended their notice of appeal to include an appeal of the October 2, 2025 judgment.

{¶12} In their first assigned error, the Stouts argue:

{¶13} "The trial court abused its discretion by granting Appellee leave to file an untimely response to Appellants' Motion for a New Trial."

{¶14} Civ.R. 6(B) governs extending periods for parties to perform certain actions, and provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them.

{¶15} Therefore, it is generally within the trial court's discretion to permit an enlargement of time to take an action required or allowed under the rules. Accordingly, we generally will not disturb a court's ruling on a motion for enlargement of time absent an abuse of discretion. *Cart v. Fed. Natl. Mtge. Assoc.*, 2012-Ohio-2241, ¶ 43 (11th Dist.).

"An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making."'" *Cunning v. Windsor House, Inc.*, 2023-Ohio-352, ¶ 43 (11th Dist.), quoting *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* (8th Ed. 2004).

{¶16} However, as set forth above, the court is not permitted to extend time for taking actions under certain rules except to the extent provided in those rules. This includes Civ.R. 59(B), which pertains to motions for a new trial, and provides:

> Except as otherwise provided by statute, a motion for a new trial . . . must be served within twenty-eight days of the entry of judgment or, if the clerk has not completed service of the notice of judgment within the three-day period described in Civ.R. 58(B), within twenty-eight days of the date when the clerk actually completes service. Unless otherwise provided by local rule or by order of the court, briefs in response to the motion shall be served within fourteen days of service of the motion, and a movant's reply may be served within seven days of service of the response to the motion.

{¶17} Accordingly, although Civ.R. 59(B) does not permit an extension to file a motion for a new trial, it specifically allows an extension to file a brief in response to such a motion by "order of the court. . . ." Therefore, it is within the trial court's discretion to grant an extension to respond to a motion for a new trial.

{¶18} The Stouts maintain that the court abused its discretion because Diamond requested an extension after its deadline to respond had passed without establishing excusable neglect. "'The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds.'" *Cart*, 2012-Ohio-2241 at ¶ 44 (11th Dist.), quoting *State ex rel. Lindenschmidt v. Bd. of Commrs. of Butler Cty.*, 1995-Ohio-49, ¶ 12. "'Although

Case No. 2025-P-0051

excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B).'" *Cart* at ¶ 44, quoting *Lindenschmidt* at ¶ 12.

{¶19}  As set forth above, the Stouts moved for a new trial on May 21, 2025. On May 23, 2025, the trial court issued an order ruling on other matters, but the motion for a new trial remained pending. On July 29, 2025, the Stouts filed their original notice of appeal. On September 2, 2025, this court issued the limited remand for the trial court to rule on the motion for a new trial. Diamond moved to file its response instanter to the motion on September 25, 2025, noting that, when the Stouts filed their motion for a new trial, the case had been marked as closed on the docket and the matter had been appealed. While this court may not agree that the clerk's "closed" classification establishes excusable neglect, we cannot say the trial court was unreasonable in granting the extension, particularly where the case was on appeal from July 29 to September 2, 2025. Further, we cannot discern any prejudice suffered by the Stouts as a result of the court permitting Diamond's late response.

{¶20}  Next, the Stouts argue that the trial court violated our limited remand by permitting Diamond to respond. We disagree. This court issued a limited remand to allow the trial court to rule on the motion for a new trial. The trial court was not precluded from determining the best manner to proceed. Permitting further briefing to assist it in fully considering the issue is not beyond the scope of the limited remand. *Compare Bank of Am., N.A. v. Darkadakis*, 2016-Ohio-7694, ¶ 82 (7th Dist.) (where trial court entered summary judgment for bank in a foreclosure action but did not enter monetary award or resolve liens, and court of appeals issued a limited remand to resolve these issues,

Case No. 2025-P-0051

mortgagor's husband's motion for summary judgment exceeded the scope of the remand).

{¶21} Last, with respect to the first assigned error, we note that in Diamond's answer brief, it maintains that this court had no jurisdiction to remand the matter because the notice of appeal was prematurely filed prior to the trial court ruling on the motion for new trial. *See Broberg v. Hsu*, 2005-Ohio-5115, ¶ 10 (11th Dist.). However, pursuant to App.R. 4(B)(2), where a party timely and appropriately files a motion for a new trial under Civ.R. 59, the time for noticing an appeal begins to run when the court enters an order resolving the motion, or when it resolves the last of the motions identified in that subdivision. The 2011 Staff Notes to App.R. 4 explain:

> New language has been added to both App. R. 4(B)(2) and App. R. 4(B)(3) to resolve confusion in the courts of appeals about the finality of a judgment and the proper disposition of an appeal if a party files a notice of appeal before all proper and timely post-trial filings are resolved or if a party makes a timely post-trial filing after the notice of appeal if filed. Some courts have held that the trial court judgment is not final while a proper post-judgment filing is pending and have, accordingly, dismissed the appeal. *See, e.g., Dragway 42, LLC v. Kokosing Constr.* Co., 9th Dist. No. 09CA0008, 2009-Ohio-5630, at ¶6; *In re Talbert*, 5th Dist. No. CT2008-0031, 2009-Ohio-4237, at ¶20-22. Others have held that the judgment is final but that the case should be remanded to the trial court to rule on the motions. See, e.g., *Stewart v. Zone Cab of Cleveland*, 8th Dist. No. 79317, 2002-Ohio-335, at 6. The rule now adopts the latter view and also establishes a procedure for the parties to bring into the appeal the trial court's subsequent rulings on the post-judgment filings.

{¶22} Accordingly, we disagree with Diamond to the extent that it maintains this court lacked jurisdiction to issue the limited remand in this case. However, because the trial court did not exceed the scope of the remand by granting Diamond leave to respond, the Stouts' first assigned error lacks merit.

Case No. 2025-P-0051

{¶23} In their second assigned error, the Stouts contend:

{¶24} "The trial court erred by failing to fulfill Appellants' Request for Findings of Fact and Conclusions of Law."

{¶25} Pursuant to Civ.R. 53(D)(3)(a)(ii), "[A] magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law." A party may request findings of fact and conclusions of law within seven days after the filing of a magistrate's decision." Civ.R. 53(D)(3)(a)(ii). "The findings of fact and conclusions of law should be explicit enough to sufficiently apprise the parties and the court of the grounds for the decision." *Kess v. Kess*, 2018-Ohio-1370, ¶ 24 (5th Dist.), citing *State v. Staats*, 2016-Ohio-2921 (5th Dist.).

{¶26} It is within the discretion of the trial court to determine whether a magistrate's decision is sufficiently detailed so as to set forth the pertinent findings of fact and conclusions of law. *Kess* at ¶ 25, citing *United Studios of Am. v. Laman*, 2008-Ohio-3497, ¶ 55 (5th Dist.). As set forth in our discussion of the Stouts' first assigned error, "An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making."'" *Cunning*, 2023-Ohio-352, at ¶ 43 (11th Dist.), quoting *Beechler*, 2010-Ohio-1900, at ¶ 62 (2d Dist.), quoting *Black's*.

{¶27} Here, although the magistrate did not explicitly identify "findings of fact" or "conclusions of law," she reviewed elements of certain claims and then made specific findings correlating with those elements. The trial court concluded:

> Upon examination of the Magistrate's Decision, this Court finds that the Magistrate did not file a "general" decision as allowed by the Civil Rules, but a detailed decision that included findings of fact and conclusions of law. The Magistrate's Decision was eight pages long and included

Case No. 2025-P-0051

significant factual findings and legal standards unlike the case law cited by Defendants.

Defendants cited *Rutland v. Rutland*, 143 Ohio App.3d 211, 757 N.E.2d 861 (2nd Dist. 2001), which indicates that a court cannot preclude a party from requesting findings of facts and conclusions of law as a magistrate decision may not contain said information or be inadequate. In contrast to the Magistrate's Decision in this matter, the magistrate decision in *Rutland* did not contain any findings of fact or conclusions of law and was therefore inadequate. *Id.*

In the instant case, this Court finds that the Magistrate's Decision of April 24, 2025, included significant findings of fact and conclusions of law and was not a "general" decision. This Court also finds that the conclusions of law and findings of fact contained therein are adequate. As such, Defendants' Request for Findings of Fact and Conclusions of Law is moot.

**{¶28}** Upon review, we cannot say that the trial court abused its discretion in determining that the magistrate's decision, as originally issued, contained adequate findings of fact and conclusions of law to apprise the parties and the court of the basis for the decision. Although the Stouts claim that the magistrate's decision "is confusing, contradictory, and incomplete," their challenges appear to present disagreements with the magistrate's determinations, which could have been raised in objections.

**{¶29}** Pursuant to Civ.R. 53(D)(3)(b)(1), a party may file objections within 14 days of the filing of a magistrate's decision, but "[i]f a party makes a timely request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law." Because the magistrate's decision, as filed, included adequate findings of fact and conclusions of law, the time for filing of objections began to run on the date the decision was filed—April 24, 2025. *See id.; see also Kess*, 2018-Ohio-1370, at ¶ 33 (5th Dist.).

**{¶30}** Based on the foregoing, the Stouts' second assigned error lacks merit.

Case No. 2025-P-0051

{¶31} In their third assigned error, the Stouts maintain:

{¶32} "The trial court erred by adopting the Magistrate's Decision which failed to identify adjudicated claims, violated Ohio law, and was contrary to the trial court's prior rulings."

{¶33} As addressed above, the Stouts did not file objections to the magistrate's decision. Pursuant to Civ.R. 53 (D)(3)(b)(iv), "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶34} The Stouts argue that the trial court "abused its discretion" in adopting the magistrate's decision because the decision "relied on claims and allegations that did not form the basis of the Complaint and were denied to be included at trial by the trial court's November 21, 2024 Order;" and "(2) failed to discuss and analyze what claims Diamond had met its burden on and which ones it did not." The Stouts' arguments inherently pertain to the findings and conclusions of the magistrate and are thus forfeited pursuant to Civ.R. 53(D)(3)(b)(iv).

{¶35} Accordingly, the Stouts' third assigned error lacks merit.

{¶36} In their fourth assigned error, the Stouts argue:

{¶37} "The trial court erred in denying Appellants' Motion for a New Trial."

{¶38} Pursuant to Civ.R. 59(A):

> Grounds for New Trial. A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

(1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;

. . .

(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

(7) The judgment is contrary to law;

. . .

In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown.

{¶39} "As an appellate court, we review a trial court's judgment on a Civ.R. 59 motion for a new trial under an abuse-of-discretion standard." *Cunning*, 2023-Ohio-352, at ¶ 43 (11th Dist.), citing *McWreath v. Ross*, 2008-Ohio-5855, ¶ 69 (11th Dist.). "We will adhere to the principle that the decision regarding a motion for a new trial rests within the sound discretion of the trial court and will not be disturbed upon appeal unless there has been an abuse of that discretion." *Cunning* at ¶ 43, citing *McWreath* at ¶ 72. As set forth in our discussion of the Stouts' first and second assigned errors, "An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'"" *Cunning*, at ¶ 43, quoting *Beechler*, 2010-Ohio-1900, at ¶ 62 (2d Dist.), quoting *Black's.*

{¶40} Here, in the Stouts' motion, they maintained they were entitled to a new trial because of the following "irregularities": "(1) the Magistrate and Court ignored the Court's prior ruling precluding Plaintiff from purs[u]ing claims relating to Well No. 3," and "(2) the Court's judgment relies on an oil and gas lease ("Lease") but does not discuss the language of the Lease nor is there a legible copy of the Lease within the trial records."

Case No. 2025-P-0051

{¶41} The Stouts further maintained that they were entitled to a new trial on the basis that the judgment was against the manifest weight of the evidence because (1) there was no analysis of the Stouts' right to free gas and the judgment contradicts the lease's terms as to free gas, (2) the judgment does not discuss the lease's provision requiring agreements to assign the lease, (3) the Stouts are permitted access to the wells under the lease, and (4) the magistrate's decision was inconsistent on the issue of damages by finding that Diamond suffered damages while also finding that Diamond failed to prove the value of its financial loss.

{¶42} Last, the Stouts maintained that they were entitled to a new trial on the basis that the judgment was contrary to law because (1) there was no finding that the lease was "still valid," (2) injunctive relief is generally ancillary to monetary damages, (3) the injunction prohibiting further breach of the lease does not meet the specificity requirements of Civ.R. 65(D), and (4) the conversion claim must be viewed in the context of a breach of contract and not tort law.

{¶43} The trial court overruled the Stouts' motion for a new trial on the basis that they were asserting arguments in their motion that they had not previously raised in the court.

{¶44} Likewise, we again note that the Stouts failed to advance their arguments challenging the magistrate's decision in objections to the decision. "[T]he filing of a motion for new trial, pursuant to Civ.R. 59, is not a substitute for the filing of objection(s) pursuant to Civ.R. 53." *Hamilton v. Hamilton*, 2016-Ohio-5900, ¶ 5 (10th Dist.). The Stouts' arguments contained in their motion for a new trial essentially challenge the magistrate's findings of fact and conclusions of law. Therefore, to the extent that these arguments

Case No. 2025-P-0051

remained at issue in this case, they could have been raised in objections to the magistrate's decision, and Civ.R. 59 may not be used to bypass the requirements of Civ.R. 53.

{¶45} Accordingly, the Stouts' fourth assigned error is without merit.

{¶46} The judgment is affirmed.


ROBERT J. PATTON, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-P-0051

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellants' assignments of error are without merit. It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellants.

_____
JUDGE EUGENE A. LUCCI

_____
JUDGE ROBERT J. PATTON,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0051